# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| LEROY HUGHES,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>KEETON, Warden,<br><br>　　　　Respondent. | No. CV 18-5860-JAK (PLA)<br><br>**ORDER TO SHOW CAUSE RE: DISMISSAL OF HABEAS PETITION** |

Leroy Hughes ("petitioner") initiated this action on July 3, 2018, by filing a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition" or "Pet."). The Petition challenges his July 23, 2015, conviction in Los Angeles County Superior Court case number TA134923, pursuant to a plea of nolo contendre, to four counts of attempted murder (Cal. Penal Code §§ 187, 664), with an enhancement for use of a firearm (Cal. Penal Code § 12022.53). (Pet. at 2). In his single ground for relief, petitioner contends that pursuant to California Senate Bill number 620 ("SB 620"), which became law on January 1, 2018, he is entitled to a reduction in the sentence imposed as a result of his conviction on the firearm enhancement.[1]

---

[1] SB 620 amended California Penal Code §§ 12022.5 and 12022.53 to allow a court, in the interest of justice and at the time of sentencing or resentencing, to strike or dismiss firearm (continued...)

(Pet. at 5).[2] It appears from the face of the Petition, therefore, that petitioner's state sentencing error claim -- which, other than citing to Ylst v. Nunnemaker, 501 U.S. 797, 111 S. Ct. 2590, 115 L. Ed.2d 706 (1991), does not otherwise appear to actually raise a federal claim -- is not only unexhausted, it is not cognizable herein.

**A.    EXHAUSTION**

As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. Rose v. Lundy, 455 U.S. 509, 518-22, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). The habeas statute explicitly provides that a habeas petition brought by a person in state custody "shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1). Moreover, if the exhaustion requirement is to be waived, it must be waived expressly by the state, through counsel. See 28 U.S.C. § 2254(b)(3).

Exhaustion requires that petitioner's contentions be fairly presented to the *state* supreme court even if that court's review is discretionary. O'Sullivan v. Boerckel, 526 U.S. 838, 845-47, 119 S. Ct. 1728, 144 L. Ed. 2d 1 (1999); James v. Giles, 221 F.3d 1074, 1077, n.3 (9th Cir. 2000). Petitioner must give the state courts "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process" in order to exhaust his claims. O'Sullivan, 526 U.S. at 845. A claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66, 115 S. Ct. 887,

---

[1](...continued)
allegations used to enhance a sentence. The law became effective on January 1, 2018.

[2]   For ease of reference, the Court refers to the ECF-generated page numbers when citing to the Petition.

130 L. Ed. 2d 865 (1995); Picard v. Connor, 404 U.S. 270, 275-78, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Johnson v. Zenon, 88 F.3d 828, 830 (9th Cir. 1996); Bland v. Cal. Dep't of Corr., 20 F.3d 1469, 1473 (9th Cir. 1994), overruled on other grounds by Schell v. Witek, 218 F.3d 1017 (9th Cir. 2000). State remedies are not exhausted if an appeal or petition for post-conviction relief is still pending in state court. Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (if petitioner has a pending state appeal, he "must await the outcome of his appeal before his state remedies are exhausted"); Schnepp v. Oregon, 333 F.2d 288, 288 (9th Cir. 1964) (per curiam) (state remedies are unexhausted where a petition for post-conviction relief is still pending in state court). Petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Brown v. Cuyler, 669 F.2d 155, 158 (3d Cir. 1982).

Here, petitioner asserts only that he raised this sentencing issue in a "habeas petition" in the California Superior Court, which that court denied on "January 10, 2018 / February 21, 2018." (Pet. at 3-4, 12-18, 34). Petitioner then apparently submitted a document captioned "Request for: Certificate of Probable Cause" to the California Court of Appeal, which that court returned to him "without taking any action because it lacks jurisdiction to grant the relief requested." (Pet. at 40). The court of appeal further noted that the "authority to issue a certificate of probable cause pursuant to Penal Code § 1237.5 is vested solely in the trial court in which [petitioner's] sentence was entered," and that the superior court had denied his request for a certificate of probable cause on February 21, 2018. (Id.). Petitioner then raised this issue in a "Request for Penal Code Section 1237.5. As to Certificate of Probable Cause. In Accord, 'Change in Law'. Code of Civil Procedure 1008," in the California Supreme Court. (Pet. at 41-44). On April 18, 2018, the California Supreme Court responded to petitioner in a letter, stating the following: "Neither the Chief Justice, nor any associate justice, nor the full court may give legal advice or assistance. As you may appreciate, the law limits the courts to hearing and deciding cases. The courts may not otherwise participate in any matter that may be related to a current or future legal proceeding." (Pet. at 39).

1   Based on the foregoing, it appears that petitioner has not fairly presented his claim on direct appeal or in a habeas petition to the California Supreme Court. As the Petition, therefore, appears to be unexhausted, it is subject to being dismissed without prejudice. Greenawalt v. Stewart, 105 F.3d 1268, 1271, 1273-75 (9th Cir. 1997).

**B.     STATE SENTENCING ERROR CLAIMS ARE NOT COGNIZABLE**

A petitioner may seek federal habeas relief from a state court conviction or sentence if he is contending that he is in custody in violation of the Constitution or laws or treaties of the United States. See 28 U.S.C. § 2254(a); Swarthout v. Cooke, 562 U.S. 216, 219, 131 S. Ct. 859, 178 L. Ed. 2d 732 (2011) (per curiam); Estelle v. McGuire, 502 U.S. 62, 67-68, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991). Matters relating solely to the interpretation and/or application of state law generally are not cognizable on federal habeas review. See, e.g., Rhoades v. Henry, 611 F.3d 1133, 1142 (9th Cir. 2010) ("violations of state law are not cognizable on federal habeas review"); Christian v. Rhode, 41 F.3d 461, 469 (9th Cir. 1994) ("Absent a showing of fundamental unfairness, a state court's misapplication of its own sentencing laws does not justify federal habeas relief.").

Here, petitioner seeks habeas relief on the ground that he is entitled to a reduced sentence pursuant to California SB 620. Because this claim as presented only involves the application of state sentencing law, the claim is not cognizable in this habeas action. See, e.g., McKinney v. Pfeiffer, 2017 WL 1078441, at *4 (C.D. Cal. Jan. 11, 2017) ("[T]o the extent petitioner is challenging the superior court's denial of his application to reduce one of his convictions to a misdemeanor pursuant to Proposition 47, such claims are not cognizable on federal habeas review."), Report and Recommendation accepted, 2017 WL 1073340 (C.D. Cal. Mar. 21, 2017).

/
/
/

**C.     CONCLUSION**

In light of the foregoing, **no later than August 8, 2018**, petitioner must submit to the Court a response making clear his arguments, if any, as to why the Petition should not be dismissed (1) for lack of exhaustion, and/or (2) as not cognizable. All facts relied upon by petitioner must be proved by testimony contained in a declaration signed under penalty of perjury pursuant to 28 U.S.C. § 1746, or in properly authenticated documents. With respect to the exhaustion issue, petitioner must file proof with this Court **on or before August 8, 2018**, that the claim for relief set forth in the instant Petition, **and the federal basis for this claim**, has previously been presented to the California *Supreme* Court, by providing this Court with a complete copy of either the petition for review or state habeas petition raising that claim to the California Supreme Court.

Alternatively, if petitioner agrees that the Petition should be dismissed without prejudice for any of the reasons discussed above, he may file a notice of voluntary dismissal pursuant to Federal Rule of Civil Procedure 41(a)(1) ("Rule 41"). Rule 41 allows for the voluntary dismissal of an action by a petitioner[3] without prejudice and without a court order before the opposing party serves either an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1); Hamilton v. Shearson-Lehman Am. Express, Inc., 813 F.2d 1532, 1534 (9th Cir. 1987). Respondent has not yet appeared in this action. The Court clerk is directed to send petitioner a copy of a blank Central District form titled "Notice of Dismissal Pursuant to Federal Rules of Civil Procedure 41(a) or (c)" along with this Order to Show Cause.

---

[3] Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provisions or these rules, may be applied to a proceeding under these rules." See also Hilton v. Braunskill, 481 U.S. 770, 776 & n.5 (1987) (Federal Rules of Civil Procedure may be applied to habeas petitions so long as they are not inconsistent with the Rules Governing Section 2254 Cases). The Rules Governing Section 2254 Cases do not contain a specific provision addressing voluntary dismissals. See Clark v. Tansy, 13 F.3d 1407, 1411 (10th Cir. 1993) (applying Rule 41 to a petitioner's request for voluntary dismissal of his habeas petition); Williams v. Clarke, 82 F.3d 270, 273 (8th Cir. 1996) ("a Rule 41(a)(1) voluntary dismissal is both appropriate and consistent with the rules governing habeas cases"); Woods v. Knowles, 2003 WL 21767470, at *1 (N.D. Cal. July 23, 2003). Thus, Rule 41, which otherwise governs such dismissals, is applicable to this habeas action.

**Failure to respond by August 8, 2018, will result in the Petition being summarily dismissed for the reason(s) set forth above, and/or for failure to prosecute and follow court orders.**

DATED: July 10, 2018

*Paul L. Abrams*

PAUL L. ABRAMS
UNITED STATES MAGISTRATE JUDGE